UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO HERNANDEZ GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case No. 1:23-cv-00256-ADA-EPG<br><br>ORDER APPROVING STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 13). |

The Court having read the parties' joint motion for the entry of a protective order (ECF No. 13) and good cause appearing, the Court hereby enters the following protective order:

IT IS HEREBY STIPULATED by and between Plaintiff Rigoberto Hernandez Garcia ("Plaintiff") and Defendant Equifax Information Services, LLC ("Equifax") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendant, and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, Defendant has developed confidential, proprietary, and/or trade secret business practices, policies, and procedures, related to its activities in the consumer reporting

industry, information otherwise generally unavailable to the public, and it is extremely important that this all this information remain protected and not be readily available due to the dangers of theft, fraud, and unfair advantage in the marketplace.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." For testimony given in depositions, the Producing Party may effect a designation of "Confidential" on the record at the deposition or within 30 days after receiving the final transcript. Even if no designation is set on the record at the deposition, unless otherwise agreed the entire transcript shall be treated as Confidential for thirty (30) days after the deposing party receives the final transcript from the court reporter.

3. If corrected within a reasonable time, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, but still retains the right to challenge whether the information or document qualifies for protection under this order.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal must comply with the requirements of Civil Local Rule 141.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure) and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A). Counsel for any Party providing any "Confidential" documents or information to a person signing a "Declaration of Compliance" (Exhibit A) shall be named in the "Declaration of Compliance" as the California agent of the person signing the "Declaration of Compliance" for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order, and shall not provide "Confidential" documents or information to such person until such Counsel has received a signed "Declaration of Compliance" from such person, shall

maintain a copy of any such "Declaration of Compliance" until the final disposition of the Action, and, after the final disposition of the Action, shall provide a copy of any such "Declaration of Compliance" to Counsel for the Party whose "Confidential" documents or information was provided to such person.

8. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must: promptly notify in writing the Producing Party (such notification will include a copy of the subpoena or court order); promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification will include a copy of this Stipulated Protective Order); and cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose "CONFIDENTIAL" documents or information may be affected. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation

of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. If a Party learns that, by inadvertence or otherwise, it has disclosed "Confidential" documents or information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Declaration of Compliance" that is attached hereto as Exhibit A.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: May 19, 2023                     Respectfully submitted,

/s/ *Ivy L. Marsnik (with consent)*
Ivy L. Marsnik, PHV
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 48067
Tel.: (612) 404-1064
Email: imarsnik@bm.net

Sophia M. Rios, SBN 305801
BERGER MONTAGUE PC
401 B Street, Suite 2000
San Diego, CA 92101
Tel.: (619) 489-0300
Email: srios@bm.net

*Counsel for Plaintiff*
*Rigoberto Hernandez Garcia*

Dated: May 19, 2023                     Respectfully submitted,

/s/ *Theodore Roethke*
Theodore E. Roethke, SBN 257869
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
Email: troethke@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

6

**EXHIBIT A -- DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order ("Protective Order") entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order, and I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

8. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

9. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action. I hereby appoint _____ [print or type full name of attorney] of _____ [print or type full address & phone # of firm] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order until this case is closed. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_, at _____.

QUALIFIED PERSON

1

**ORDER**

Pursuant to the stipulation of the parties (ECF No. 13), and as set forth above, the parties' Stipulated Protective Order is hereby approved.

IT IS SO ORDERED.

Dated:   **June 5, 2023**              /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE